UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

| | |
|---|---|
| RACHEL NEAL, STARLA COONS, and KAMI HARTMIRE<br>    Plaintiff,<br><br>vs.<br><br>COMMONWEALTH HEALTH CORPORATION, INC. D/B/A MED CENTER HEALTH<br>    Defendant. | CAUSE NO. 4:22-cv-151-JHM |

**COMPLAINT FOR DAMAGES**
(Demand for Jury Trial)

Come now the Plaintiffs, Rachel Neal ("Neal"), Starla Coons ("Coons"), and Kami Hartmire ("Hartmire")(collectively referred to herein as "Plaintiffs"), for their cause of action against the Defendant, The Commonwealth Health Corporation, Inc. d/b/a Med Center Health ("CHC"), and state as follows:

NATURE OF CAUSE

1. This action is brought under 42 U.S.C.A. § 2000e, et. seq., and under 28 U.S.C.A. § 1331 to redress and enjoin unlawful employment practices.

JURISDICTION

2. Neal is a female citizen of the United States and, at all times relevant, was a resident of this judicial district.

3. Coons is a female citizen of the United States and, at all times relevant, was a resident of this judicial district.

4. Hartmire is a female citizen of the United States and, at all times relevant, was a

resident of this judicial district.

5. CHC is a Kentucky non-profit corporation having its principal place of business in Bowling Green, Kentucky. CHC conducts business in this judicial district.

6. At all times relevant to this Complaint, CHC employed more than fifteen (15) people.

7. At all times relevant to this Complaint, CHC was an employer within the meaning of 42 U.S.C.A. 2000e(b).

8. The unlawful employment practice complained of in this Complaint occurred in this judicial district, and venue is proper within this District.

9. On August 30, 2020, Coons filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") against CHC (Med Center Health), Charge No. 474-2020-00899.

10. On November 20, 2020, Neal filed a Charge of Discrimination with the EEOC against CHC (Med Center Health), Charge No. 474-2020-01247.

11. On November 24, 2020, Hartmire filed a Charge of Discrimination with the EEOC against CHC (Med Center Health), Charge No. 474-2021-00079.

12. On May 11, 2022, the EEOC issued a "Letter of Determination" for each of the Plaintiffs, finding that Neal "was subjected to sexual harassment and constructively discharged" and that Hartmire and Coons were "subject to retaliation" in violation of Title VII because they participated in a "protected activity as witnesses to sexual harassment" and were "constructively discharged."

13. On August 19, 2022, the EEOC issued a Notice of Right to Sue on all three charges.

14. All conditions precedent to the institution of this action have been met.

## GENERAL ALLEGATIONS

15. Coons began work for CHC or its predecessor in or about August, 2008.

16. Hartmire began work for CHC or its predecessor in or about November, 2013.

17. Neal began work for CHC or its predecessor in or about September, 2019.

18. At all times relevant to this Complaint, Coons, Neal, and Hartmire were employed by CHC as registered radiation therapists and assigned to work at Barren River Regional Cancer Center in Glasgow, Kentucky.

19. Throughout their employment, all three Plaintiffs consistently met CHC's job performance expectations.

20. Shortly after Neal began her employment with CHC, David Cook ("Cook"), a dosimetrist employed by CHC, began sexually harassing Neal.

21. Cook consistently made comments of a sexual nature to and about Neal and made unwanted advances toward Neal.

22. Cook frequently commented about Neal's body.

23. Cook spread rumors about her, and circulated pictures of Neal.

24. Even after Neal asked Cook on multiple occasions to stop his behavior, Cook continued to make unwanted sexual advances toward Neal and sent Neal text messages and letters.

25. Hartmire confronted Cook about his sexual harassment of Neal, and, subsequently, Cook made derogatory comments about Hartmire's race, calling her a "nigger" and a "bitch."

26. In or about January, 2020, Neal complained to her supervisor and CHC human resources department of Cook's sexual harassment.

27. Subsequently, Neal was treated differently, unfairly, and retaliated against and also

intentionally isolated and ostracized by her supervisor and by Medical Director, Craig Tyree, who is Cook's brother-in-law.

28. Moreover, CHC failed to conduct a proper investigation and ignored Neal's complaint of sexual harassment.

29. CHC retaliated against Neal after her complaint of sexual harassment.

30. On or about February 7, 2020, Neal could no longer continue to work in such hostile and intolerable conditions, and she resigned her position. Neal was constructively discharged.

31. In or about February, 2020, shortly after Neal complained to CHC human resources, Coons and Hartmire complained to human resources about Cook's sexual harassment of Neal and also corroborated Neal's complaints in what little investigation CHC conducted.

32. Shortly after their complaints of the sexual harassment, CHC retaliated against Coons and Hartmire.

33. Medical Director Craig Tyree and other CHC administration treated Coons and Hartmire differently, unfairly, and otherwise retaliated against them and also intentionally isolated and ostracized them.

34. After their complaints, CHC treated Coons and Hartmire differently than other employees who did not complain of the harassment.

35. CHC isolated Coons and Hartmire and cut their work hours. In or about March, 2020, CHC cut all of Coons's work hours, and, in or about May, 2020, CHC cut Hartmire's work hours to the point she was required to take "PRN" status. Coons and Hartmire were constructively discharged.

<u>COUNT I – VIOLATION OF TITLE VII</u>

36. The Plaintiffs incorporate herein by reference each and every allegation contained in

paragraphs 1 through 35.

37. Neal is a member of a protected class.

38. Neal was subjected to unwelcome sexual harassment that was severe and pervasive.

39. Such sexual harassment created a hostile and abusive working environment.

40. CHC knew of the harassment and failed to take prompt remedial action.

41. To the contrary, CHC discriminated and retaliated against Neal after she complained of Cook's sexual harassment.

42. CHC's conduct was willful and intentional.

43. Because of CHC's conduct, Neal has suffered damages.

## COUNT II – RETALIATION UNDER TITLE VII

44. The Plaintiffs incorporate herein by reference each and every allegation contained in paragraphs 1 through 43.

45. Coons and Hartmire are members of a protected class.

46. Coons and Hartmire engaged in protected activity under Title VII of the Civil Rights Act in complaining and opposing Cook's sexual harassment of Neal and participating in the investigation of such harassment.

47. CHC retaliated against Coons and Hartmire because of their protected activity.

48. CHC constructively discharged Coons and Hartmire because of their protected activity.

49. CHC's conduct was willful and intentional.

50. As a result of CHC's conduct, Coons and Hartmire have suffered damages.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiffs respectfully pray for judgment against CHC, including, but

not limited to:

    a. Compensatory and equitable damages, including, but not limited to, lost wages and benefits, damages for emotional anguish and humiliation, and damage to their professional reputation, all in an amount to be proved at trial and other non-pecuniary damages in an amount to be determined at trial;

    b. Punitive damages in an amount to be determined at trial;

    c. Prejudgment interest;

    d. Costs incurred in pursuing this action, including reasonable attorney's fees and the fees of Plaintiffs' experts, if any;

    e. This Court retaining jurisdiction of this action to ensure full compliance by CHC with the Court's judgment and decree; and

    f. All such other relief to which Plaintiffs may be entitled and which may be just and proper in the premises.

## JURY DEMAND

The Plaintiffs demand trial by jury on all counts of this Complaint.

BARBER & BAUER, LLP
124 SE First Street, Suite 101
Evansville, Indiana 47708
Telephone: (812) 425-9211

By:    */s/ Erin Bauer*
      Erin Bauer, Atty. No. 27733-82